STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. VINCENT L. CARNEY, RESPONDENT.

580 N.W. 2d 121

Filed June 26, 1998.    No. S-97-1315.

WHITE, C.J., CAPORALE, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

The Committee on Inquiry of the First Disciplinary District of the Nebraska State Bar Association has charged the respondent, Vincent L. Carney, with violating his oath of office as an attorney and the following provisions of the Code of Professional Responsibility:

DR 1-102 Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

. . . .

DR 5-101 Refusing Employment When the Interests of the Lawyer May Impair the Lawyer's Independent Professional Judgment.

(A) Except with the consent of his or her client after full disclosure, a lawyer shall not accept employment if the exercise of the lawyer's professional judgment on behalf of a client will be or reasonably may be affected by the lawyer's own financial, business, property, or personal interests.

(B) A lawyer shall not accept employment in contemplated or pending litigation if he or she knows or it is obvious that the lawyer or a lawyer in his or her firm ought to be called as a witness, except that the lawyer may undertake the employment and the lawyer or a lawyer in his or her firm may testify:

(1) If the testimony will relate solely to an uncontested matter.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his or her firm to the client.

(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his or her firm as counsel in the particular case.

. . . .

DR 9-101 Avoiding Even the Appearance of Impropriety.

The respondent has filed with this court a conditional admission of guilt as to the formal charges.

The respondent was duly admitted to the practice of law in the State of Nebraska on July 24, 1972, and he has engaged in the practice of law exclusively as an intellectual property lawyer. The original complainant, Judith Zavala (formerly known as Judith Coupe), worked for the respondent in various capacities, including secretary, paralegal, and office manager. Zavala married David Coupe in April 1986, and the couple

divorced in December 1989. During the marriage, a son was born to the parties, and following the divorce, Zavala was given custody.

While employed by the respondent, Zavala encouraged him to foster a relationship with her son. The respondent tutored the child in his education, supported his involvement in youth activities, and took the child and one of his brothers on a trip to Walt Disney World.

In May 1995, a conflict occurred between Zavala and the respondent, and the respondent was informed that Zavala no longer wanted him to be in contact with the child. However, the respondent continued to spend time with the child when the child visited his father.

Zavala later filed an application to modify the divorce decree for the purpose of limiting the respondent's contact with the child. The respondent hired counsel to represent both his interests and the interests of the father in connection with the litigation. The father filed a cross-application requesting custody, and the respondent paid all of the father's legal fees in connection with the litigation.

The respondent knew that he would be a witness at trial and, in fact, was endorsed on the witness lists of both parties. The respondent admits that at this point in the proceedings, he should have realized he could no longer provide legal counsel to the father and should have ceased doing so. The respondent also admits that he assisted in doing research and investigative work and that he participated in drafting pleadings.

On August 14, 1996, Zavala filed a complaint with the Nebraska State Bar Association, alleging that the respondent used information he had learned about her while representing her in previous divorce and custody matters and that use of such information constituted a breach of her attorney-client relationship. She also alleged that the respondent had a conflict of interest by representing the father.

The respondent did not appear as the attorney of record for the father, but he did testify at the trial in connection with the applications for modification of the decree. Also, in the process of assisting the father, the respondent prepared a document entitled "Outline of Judy Coupe Deposition." This document

was given to the father's trial counsel for use in the pending litigation.

The respondent admits that he allowed his personal interests to affect his professional judgment and that because he was a witness in the pending litigation, he should have ceased to provide legal advice to the father on any matter involving the son. The respondent also admits that his participation on behalf of the father in the litigation violated Canon 1, DR 1-102(A)(1), and Canon 5, DR 5-101(A) and (B), of the Code of Professional Responsibility.

Based upon the conditional admission of the respondent and the recommendation of the Counsel for Discipline that a public reprimand is the appropriate sanction in this matter, the court finds by clear and convincing evidence that the respondent has violated DR 1-102(A)(1) and DR 5-101(A) and (B), and that the respondent should be publicly reprimanded. Thus, the respondent is hereby publicly reprimanded for conduct in violation of the Code of Professional Responsibility and his oath of office as a member of the Nebraska State Bar Association.

JUDGMENT OF REPRIMAND.

WRIGHT, J., not participating.